IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MINIKON WRETH JOHNSON, :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-13-917
:
WARDEN MARY SABOL, : (Judge Brann)
:
    Respondent :

**MEMORANDUM**

September 30, 2013

**Background**

Minikon Wreth Johnson filed this counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 regarding his detention by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). Named as Respondent is Warden Mary Sabol of the York County Prison.[1] Service of the petition was previously ordered.

Johnson describes himself as being a citizen of Liberia who entered the United States as a refugee on or around March 17, 2003. According to the Petition, Johnson fled Liberia as a child after his father, a member of the military

---

[1] When this matter was initiated, Johnson was detained at the York County Prison, York, Pennsylvania

1

under the former government, was murdered by rebel forces.[2]  See Doc. 1, ¶ 5.  On August 5, 2009, Petitioner plead guilty to a charge of possession with intent to deliver marijuana in the Court of Common Pleas of Allegheny County, Pennsylvania.  Approximately, one (1) year later, removal proceedings were initiated against Johnson.  Petitioner has been detained by ICE pursuant to 8 U.S.C. § 1226(c) since on or about August 31, 2010.

Due to "multiple and complicated legal issues," Petitioner's case was pending before the Immigration Court for a year and a half.  See id. at ¶ 11.  On March 7, 2012 an Immigration Judge (IJ) determined that Petitioner was eligible for asylum.  However, on July 24, 2012, the Board of Immigration Appeals (BIA) vacated the IJ's decision granting asylum and ordered Petitioner removed to Liberia.

Petitioner filed a pro se appeal of the adverse BIA decision to the United States Court of Appeals for the Third Circuit on August 21, 2012.  The Court of Appeals issued a stay of removal on October 11, 2012 and shortly thereafter appointed counsel to represent Johnson's interests.  Petitioner's appeal is still pending before the Court of Appeals.[3]

---

[2] It is also asserted that Johnson was wounded by the rebels and left for dead in the attack which claimed his father's life.

[3] Petitioner's court appointed counsel is representing him in this matter.

Johnson's pending action "challenging his present, continued detention as having surpassed a reasonable period of time" was filed on April 11, 2013. Doc. 1, p. 6, n. 3. Petitioner asserts that his prolonged indefinite mandatory detention pending completion of his ongoing removal proceedings is a due process violation under the standards developed in Demore v. Kim, 538 U.S. 510, 531 (2003). Johnson seeks his immediate release from custody pending the conclusion of his removal proceedings.

A telephonic status conference was convened in this matter on September 11, 2013. Thereafter, the parties notified this Court that Johnson had been granted his release pending the conclusion of his removal proceedings.

**Discussion**

Federal district courts have jurisdiction in cases such as the present matter where the detainee is seeking immediate release on bond pending removal on the grounds that his continued ICE detention is unconstitutional. See Clarke v. Department of Homeland Security, 2009 WL 2475440 (M.D. Pa. Aug. 12, 2009)(Jones, J.).

The United States Supreme Court's decision in Demore established that federal courts have jurisdiction to review a constitutional challenge to § 1226(c). The Court additionally stated that detention pending completion of removal

proceedings "serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." Demore, 538 U.S. at p. 1720. It concluded that detention without bail under § 1226(c) was constitutional, noting that [d]etention during removal proceedings is a constitutionally permissible part of that process." Id. at 1721-22.

Hence under Demore, aliens such as Johnson who are convicted of violating controlled substance laws or those who have committed aggravated felonies are subject to mandatory detention without a bail hearing during the brief period necessary to conduct their administrative removal proceedings under 8 U.S.C. § 1226(c). However, numerous courts have recognized that prolonged detention under § 1226(c) "raises serious constitutional concerns." Ali v. Decker, 644 F. Supp.2d 535, 539 (M.D. Pa. 2009).[4]

It is well settled that the case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser

---

[4] In 85% of the cases, an alien's removal proceedings are completed in an average time of 45 days. Rogers v. Weber, 2010 WL 1373710 * 6 (D.N.J. March 31, 2010)(citation omitted).

v. Newkirk, 422 U.S. 395, 401 (1975).  In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant.  Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy."  Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original).  "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  Id. at n.10 (citations omitted).  "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects."  Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As previously noted, Johnson's pending action before this Court does not challenge the fact of his deportation.  It is undisputed that the relief sought by his Petition, release from detention pending removal, has been obtained.[5]  Consequently, under the principles set forth in Steffel, Petitioner's challenge to indefinite detention pending removal is subject to dismissal as moot since it no

---

[5] It is noted that there has been no contention made by Petitioner that any of the conditions of his release pursuant to an order of supervision are unreasonable.

longer presents an existing case or controversy. See Novas v. ICE, 303 Fed. Appx. 115, 118 n. 3 (3d Cir. 2008)(release from ICE custody moots habeas petition solely addressing the detention issue) ; Dehaney v. Sabol, No. 3:CV-11-616, 2012 WL 1417592 (M.D.Pa. April 24, 2012 (Nealon, J.); Majano v. Decker, No. 3:CV-11-1530, 2012, WL 1268693 * 3 (M.D. Pa. March 20, 2012)(Blewitt, MJ) (release pursuant to order of supervision moots habeas petition seeking only release from ICE custody). An appropriate Order will enter.[6]

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[6] In the event that Johnson is retaken into ICE custody, Petitioner may again seek his release pending completion of removal from this Court. However, consideration of such a speculative occurrence does not warrant further consideration of this matter.